UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

THOMAS JAMES BELL, Jr.,

    Defendant.

Case No. CR05-5477 FDB

ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

      Defendant Thomas Bell, without assistance of counsel, filed a letter Motion for Reduction of Sentence based on the United States Sentencing Commission's Amendment No. 706. This amendment generally reduces by two levels the base offense levels applicable to crack cocaine offenses. The amendment became retroactive effective March 3, 2008. The government filed a response asserting that the motion should be denied because the relevant guidelines amendment (reduction of two levels) does not alter the Defendant's sentence as the court imposed the statutory minimum sentence of 60 months.

      Defendant Thomas Bell was sentenced on April 28, 2008, for possession of cocaine base with intent to distribute. Defendant's Total Offense Level was 27, his Criminal History Category IV, and guideline range 100 to 125 months, with a statutory minimum sentence of 60 months. The Court departed downward and imposed the minimum sentence of 60 months. Accordingly to the Bureau of Prisons, Defendant's release date is October 15, 2009.

      Under the revised cocaine base guidelines, made retroactive as of March 3, 2008,

1   Defendant's Total Offense Level is 25, with a guideline range of 84 to 105 months.

2   Jurisdiction to grant a sentence reduction in this case is derived from 18 U.S.C. § 3582(c)(2),
3   which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a **sentencing range** that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The language of § 3582(c)(2) provides the court with authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered. The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected. The Sentencing Commission has not altered, and cannot alter, a statutory mandatory minimum sentence, and that mandate continues to apply. A reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with policy statements if an amendment does not have the effect of lowering the Defendant's applicable guideline range because of the operation of another statutory provision, i.e., a statutory minimum term of imprisonment. See, <u>United States v. Mullanix</u>, 99 F.3d 323, 324 (9th Cir. 1996).

For the reasons set forth above,

IT IS ORDERED:

Defendant's Motion for reduction of sentence [Dkt. # 58] is **DENIED**.

DATED this 5th day of May, 2008

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

2